For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

## Brown Brothers Manufacturing Company, Appellee, v. S. H. Harris Company, Appellant.

### Gen. No. 18,933.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding.   Heard in this court at the October term, 1912.   Affirmed.   Opinion filed March 30, 1914.

### Statement of the Case.

Action by Brown Brothers Manufacturing Company, a corporation, against S. H. Harris Company, a corporation, to recover damages for failure of defendant to complete a contract for furnishing certain doors and frames for a building in course of construction. Plaintiff had a subcontract for the iron work and sublet to defendant the contract for stair hall doors. The contract provided that the doors "shall be made acceptable in all respects to the architects and to the board of fire underwriters." Upon defendant's failure to furnish the doors the plaintiff let the contract for completing the work to other parties, the contract containing the same condition. From a judgment in favor of plaintiff for eight hundred dollars defendant appeals.

ROBERT W. DUNN, for appellant.

GANN, PEAKS & TOWNLEY, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 117*—*when not void for mistake of fact.* Not every mistake, even of material facts will suffice to avoid a contract. Where the means of information are open to both parties and where each is supposed to exercise his own skill, diligence and judgment, a mistake of judgment on the part of either or both of the parties will not render the undertaking void.

2. BUILDING AND CONSTRUCTION CONTRACTS, § 2*—*when not void for mutual mistake of fact.* Where a company contracted to furnish certain iron doors for a building under a contract that the doors should be acceptable in all respects to the architects and the board of fire underwriters, *held* that the fact that the doors would not pass the tests of the underwriters would not avoid the contract on the ground that there was a mutual mistake of fact.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 103*—*when evidence insufficient to show impossibility of performance.* In an action against a company for damages for failure to furnish iron doors acceptable to the architects and the board of fire underwriters, evidence *held* insufficient to establish that the contract was impossible of performance for refusal of the underwriters to allow such doors, it appearing there was nothing inherently or naturally impossible in the undertaking, and no evidence of any rules or action of underwriters rejecting the doors, and the only evidence of the attitude of the underwriters being the testimony of the president of the defendant Company that he was informed over the telephone by the "surveyor" of the board of underwriters that the doors would not be allowed.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.